**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CINDY JOCELYN, *on behalf of herself and others similarly situated*, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| ENZYMATIC THERAPY, LLC | |
| Defendant. | |

Plaintiff CINDY JOCELYN ("Plaintiff JOCELYN" or "Plaintiff"), on behalf of herself and all other persons similarly situated in New York and the United States, by her undersigned attorneys, pursuant to this Class Action Complaint against ENZYMATIC THERAPY, LLC ("ENZYMATIC" or "Defendant"), alleges the following:

<u>**NATURE OF THE ACTION**</u>

1.     This is a consumer protection class action arising from ENZYMATIC's deceptive practices in the marketing, advertising, and promotion of its ULTRA LIVER CLEANSE and COMPLETE LIVER CLEANSE products (herein the "Products"). As alleged with specificity herein, through an extensive, widespread, comprehensive, and uniform nationwide marketing campaign, Defendant represents that both Products "Remove Toxins" and cleanse the liver.

However, these claims are false and likely to deceive and mislead reasonable consumers. Defendant's representations communicate to consumers that the Products have drug-like effects when the Products are not actually an FDA approved drug and cannot detoxify or rejuvenate the liver.

2.     Detoxification & cleansing are basic functions of the human body and the liver is one of the central organs that carries out these processes. The Products cannot replicate or even approximate the liver's functions, nor can they detoxify and cleanse the liver itself. The term "detoxification" refers to a medical treatment undertaken in hospitals under life-threatening circumstances, usually when there are dangerous levels of drugs, alcohol or other poisons in the body. Defendant uses this term in an attempt to give scientific legitimacy to its false and misleading claims.

3.     Each person who purchased the Products has been exposed to Defendant's misleading representations, which are contained in its very name, "Liver Cleanse" as well as the advertised promise to "Remove Toxins" on the front of both Products' packaging. The only reason a consumer would purchase the Products would be to obtain these benefits, which the Products do not deliver.

4.     Plaintiff JOCELYN was among the victims of Defendant's fraud upon purchasing Defendant's COMPLETE LIVER CLEANSE, and brings this action on behalf of herself and all others similarly situated consumers who, from the applicable limitations period up to and including the present (the "Class Period"), purchased the Products in New York and nationwide. Plaintiff seeks to end Defendant's dissemination of its false and misleading advertising, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the Products.

5.   Defendant violates statutes enacted in each of the fifty states and the District of Columbia that are designed to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices, as well as false advertising. These statutes are:

1) Alabama Deceptive Trade Practices Act, Ala. Statues Ann. §§ 8-19-1, *et seq.;*
2) Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et seq.;*
3) Arizona Consumer Fraud Act, Arizona Revised Statutes, §§ 44-1521, *et seq.;*
4) Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et seq.;*
5) California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.,* and California's Unfair Competition Law, Cal. Bus. & Prof Code § 17200, *et seq.;*
6) Colorado Consumer Protection Act, Colo. Rev. Stat. § 6 - 1-101, *et seq.;*
7) Connecticut Unfair Trade Practices Act, Conn. Gen. Stat § 42-110a, *et seq.;*
8) Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et seq.;*
9) District of Columbia Consumer Protection Procedures Act, D.C. Code § 28 3901, *et seq.;*
10) Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.;*
11) Georgia Fair Business Practices Act, § 10-1-390 *et seq.;*
12) Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statues § 480 1*, et seq.,* and Hawaii Uniform Deceptive Practices Act, Hawaii Revised Statutes § 481A-1, *et seq.;*
13) Idaho Consumer Protection Act, Idaho Code § 48-601, *et seq.;*
14) Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.;*
15) Indiana Deceptive Consumer Sales Act, Indiana Code Ann. §§ 24-5-0.5-0.1, *et seq.;*
16) Iowa Consumer Fraud Act, Iowa Code §§ 714.16, *et seq.;*
17) Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et seq.;*
18) Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et seq.,* and the Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann §§ 365.020, *et seq.;*
19) Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. § § 51:1401, *et seq.;*
20) Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et seq,,* and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et seq.;*
21) Maryland Consumer Protection Act, Md. Com. Law Code § 13-101, *et seq.;*
22) Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A;
23) Michigan Consumer Protection Act, § § 445.901, *et seq.;*
24) Minnesota Prevention of Consumer Fraud Act, Minn. Stat §§ 325F.68, *et seq.;* and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq.;*
25) Mississippi Consumer Protection Act, Miss. Code Ann. §§ 75-24-1, *et seq.;*
26) Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.;*
27) Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code §30-14-101, *et seq.;*
28) Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59 1601, *et seq.,* and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et seq.;*
29) Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et seq.;*
30) New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et seq. ;*
31) New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 *1, et seq.;*
32) New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57 12 *1, et seq.;*
33) New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §§ 349, *et seq.;*
34) North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et seq.;*
35) North Carolina Unfair and Deceptive Trade Practices Act, North Carolina General Statutes §§ 75-1, *et seq.;*

36) Ohio Deceptive Trade Practices Act, Ohio Rev. Code. Ann. §§ 4165.01. *et seq.;*
37) Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et seq.;*
38) Oregon Unfair Trade Practices Act, Rev. Stat § 646.605, *et seq.;*
39) Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Penn. Stat. Ann. § § 201-1, *et seq.;*
40) Rhode Island Unfair Trade Practices And Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1, *et seq.;*
41) South Carolina Unfair Trade Practices Act, S.C. Code Laws § 39-5-10, *et seq.;*
42) South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 *1, et seq.;*
43) Tennessee Trade Practices Act, Tennessee Code Annotated §§ 47-25-101, *et seq.;*
44) Texas Stat. Ann. §§ 17.41, *et seq.,* Texas Deceptive Trade Practices Act, *et seq.;*
45) Utah Unfair Practices Act, Utah Code Ann. §§ 13-5-1, *et seq.;*
46) Vermont Consumer Fraud Act, Vt. Stat. Ann. tit.9, § 2451, *et seq.;*
47) Virginia Consumer Protection Act, Virginia Code Ann. §§59.1-196, *et seq.;*
48) Washington Consumer Fraud Act, Wash. Rev, Code § 19.86.010, *et seq.;*
49) West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et seq.;*
50) Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100. 18, *et seq.;*
    Wyoming Consumer Protection Act, Wyoming Stat. Ann. §§40-12-101, *et seq.*

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed class consists of over 100 class members; (ii) at least some of the proposed class members have a different citizenship from Defendant; and (iii) the amount in controversy exceeds the sum of value of $5,000,000.00, excluding interests and costs.

7.     This Court has personal jurisdiction over Defendant because its Products are advertised, marketed, distributed, and sold throughout New York State; Defendant engages in the wrongdoing alleged in this Complaint throughout the United States, including in New York State; Defendant is authorized to do business in New York State. Defendant has sufficient minimum contacts with New York and/or otherwise has intentionally availed itself of the markets in New York State, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant engages in substantial and not isolated activity within New York State.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, the Defendant has caused harm to Class members residing in this District, and the Plaintiff is a resident of this District under 28 U.S.C. 1391(c)(2) because it is subject to personal jurisdiction in this district.

## PARTIES

*Plaintiff*

9.     Plaintiff JOCELYN is a citizen of the State of New York and a resident of Kings County. On October 6, 2017, Plaintiff JOCELYN was exposed to Defendant's misrepresentations online and then purchased the COMPLETE LIVER CLEANSE WITH MILK THISTLE product (herein "Product" or "Plaintiff Product") through Amazon.com for personal consumption for $12.75 (pack of one 84-capsule container). Plaintiff JOCELYN purchased the Product because she believed it would provide the advertised liver detoxification benefits. She used the Product as instructed but did not experience any of the benefits Defendant promises. When purchasing the Product, Plaintiff JOCELYN read and relied upon the representations on the Product label through Amazon.com. As a result of her purchase, Plaintiff JOCELYN was denied the benefit of her bargain. She was financially injured when she spent money on a product that did not deliver what it promised and indeed delivered nothing at all. Plaintiff JOCELYN bargained for a working health supplement, but the Product does not deliver on any of its promises, and so Plaintiff JOCELYN was injured when she was deprived of the benefit of her bargain.

10.   Below is an image of the COMPLETE LIVER CLEANSE Product purchased by Plaintiff JOCELYN, and Defendant's ULTRA LIVER CLEANSE Product:

**<u>Ultra Liver Cleanse</u>**



**Recommendation:** Take with at least 8 ounces of water. Take 3 capsules in the morning and 3 capsules at bedtime for 14 days.

## Supplement Facts

Serving Size 3 Capsules / Servings per Container 28

| Amount per Serving | | % DV |
|---|---|---|
| Calories | 5 | |
| Total Carbohydrate | 1 g | <1%† |
| Dietary Fiber | <1 g | 3%† |
| Vitamin C (ascorbic acid) | 50 mg | 83% |
| Sodium | 20 mg | <1%† |
| Proprietary Fiber Blend: Oat (*Avena sativa*) ß-Glucan Concentrate, phytosterols (beta-sitosterol, campesterol, stigmasterol, brassicasterol, and other plant sterols), and glucomannan (*Amorphophallus konjac*) (root) | 1 g | ** |
| Milk Thistle Fruit: One part Milk Thistle Extract, standardized to 80% silymarin (58.6 mg), bound to two parts phosphatidylcholine (soy) using a proprietary process for improved absorption | 220 mg | ** |
| Burdock Root Extract | 100 mg | ** |
| Calcium D-Glucarate | 100 mg | ** |
| Boldo Leaf Extract | 75 mg | ** |
| Dandelion Root Extract | 50 mg | ** |
| Turmeric Rhizome Extract standardized to 90% curcuminoids (45 mg) | 50 mg | ** |
| Artichoke Leaf Extract standardized to 13-18% caffeoylquinic acids calculated as chlorogenic acid (3.9-5.4 mg) | 30 mg | ** |

†Percent Daily Values (DV) are based on a 2,000 calorie diet.
**Daily Value not established.

Other ingredients: plant-derived capsule (modified cellulose), cellulose, sodium bicarbonate, magnesium stearate, silicon dioxide Contains wheat and soy.

**Caution:** Take this product with at least a full glass of liquid. Taking this product without adequate fluid may cause it to swell and block your throat or esophagus and may cause choking. Do not take this product if you have difficulty in swallowing. If you experience chest pain, vomiting or difficulty in swallowing or breathing after taking this product, seek immediate medical attention. Do not use in persons with obstructions of the bile duct, serious liver conditions and gallstones. Do not use if you are allergic to plants of the Asteraceae/Compositae/Daisy family. If pregnant, nursing, taking any medications, or if have any gastrointestinal disease, consult a healthcare professional before use. **Keep out of reach of children.**



**Complete Liver Cleanse**





*Defendant*

11. Defendant ENZYMATIC THERAPY, LLC is a company organized under the laws of the state of Wisconsin, with its principal place of business at 825 Challenger Drive, Green Bay, WI 54311 and its address for service of process at 301 S Bedford St, STE 1, Madison WI 53703

12.   Defendant manufactures, markets, and sells the "Liver Cleanse" as part of its ENZYMATIC THERAPY brand. The Defendant's product line is sold at stores such as GNC, Walgreens, Vitamin Shoppe,  convenience stores, and through e-commerce websites such as, GNC.com, Amazon.com and vitaminlife.com

## **FACTUAL ALLEGATIONS**

### **"Detoxification" Is a Pseudo-Scientific Concept**

13.   Consumers today are increasingly exposed to a wide range of products, including but not limited to pill supplements promising to detoxify a wide range of different organs and the

human body as a whole. While the concept of detoxification as used by medical professionals is certainly legitimate, "detoxification" is now used by supplement-makers as a marketing concept and not a scientific one.

14. The reason why is explained by *Science-Based Medicine*, a non-profit, physician-run organization dedicated to exposing "unscientific and pseudoscientific health care ideas"[1]:

> "Detox" is a case of a legitimate medical term being turned into a marketing strategy – all designed to treat a nonexistent condition. In the setting of real medicine, detoxification means treatments for dangerous levels of drugs, alcohol, or poisons, like heavy metals. Detoxification treatments are medical procedures that are not casually selected from a menu of alternative health treatments, or pulled off the shelf in the pharmacy. Real detoxification is provided in hospitals when there are life-threatening circumstances. But then there are the "toxins" that alternative health providers claim to eliminate. This form of detoxification is simply the co-opting of a real term to give legitimacy to useless products and services, while confusing consumers into thinking they're science-based.[2]

15. Citing the opinions of numerous medical professionals, *The Guardian* confirms that the very concept of detoxification as now marketed by purveyors of detox products is pseudo-medicine that hijacks medical terminology for a quick profit:

> "Let's be clear," says Edzard Ernst, emeritus professor of complementary medicine at Exeter University, "there are two types of detox: one is respectable and the other isn't." The respectable one, he says, is the medical treatment of people with life-threatening drug addictions. "The other is the word being hijacked by entrepreneurs, quacks and charlatans to sell a bogus treatment that allegedly detoxifies your body of toxins you're supposed to have accumulated."

> If toxins did build up in a way your body couldn't excrete, he says, you'd likely be dead or in need of serious medical intervention. "The healthy body has kidneys, a liver, skin, even lungs that are detoxifying as we speak," he says. "There is no known way – certainly not through detox treatments – to make something that works perfectly well in a healthy body work better."

---

[1] https://sciencebasedmedicine.org/editorial-staff/ (last viewed 06.19.17)
[2] https://sciencebasedmedicine.org/the-detox-scam-how-to-spot-it-and-how-to-avoid-it/ (last viewed 06.19.17)

"It's a scandal," fumes Ernst. "I t's criminal exploitation of the gullible man on the street and it sort of keys into something that we all would love to have – a simple remedy that frees us of our sins, so to speak. It's nice to think that it could exist but unfortunately it doesn't."[3]

**Medical Professionals Agree That Liver Detoxification Products Do Not Work And Have No Benefits**

16.    Medical professionals concur that products promising to detoxify the liver are absolutely ineffective, and Defendant's Products are no exception.

17.    Catherine Collins, a dietician with Britain's National Health Service told *The Guardian*: "It's definitely good to have non-alcohol days as part of your lifestyle. It'll probably give you a chance to reassess your drinking habits if you're drinking too much. But the idea that your liver somehow needs to be 'cleansed' is ridiculous."[4]

18.    Below are the responses of medical doctors on healthtap.com to various consumer questions about the efficacy of liver detoxification treatments:

**Question**: Liver detox – what is a good product to choose?

*In brief: NONE! NONE! NONE!* Don't waste your time, money, or health--liver "detoxing" is snake oil! If you indeed have a liver disease, see a specialist who can help design appropriate treatment for you. Please read the many other healthtap answers that dissuade use of "detox" or "cleanse" products.

Dr. Charles Cattano
Internal Medicine –Gastroenterology[5]

*In brief: No such thing* There is no such thing as a liver detox.  The best way to take care of your liver is by not drinking alcohol excessively, not overeating or being obese, and not taking other unnecessary medications.

Dr. Sidney Vinson
Internal Medicine – Gastroenterology[6]

---

[3] https://www.theguardian.com/lifeandstyle/2014/dec/05/detox-myth-health-diet-science-ignorance (last viewed 06.19.17)
[4] https://www.theguardian.com/lifeandstyle/2014/dec/05/detox-myth-health-diet-science-ignorance (last viewed 06.19.17)
[5] https://www.healthtap.com/user_questions/332609 (last viewed 06.19.17)
[6] https://www.healthtap.com/user_questions/332609 (last viewed 06.19.17)

**Question**: How can you best detox your liver?

*In brief: Detox* The best way to detox your liver is not to take any of the herbal things they recommend for detoxing your liver. Some of them do more harm than good.  You don't need to detox your liver.  If you drink a lot of alcohol, stop drinking and that will be good for your liver.

Dr. Bob Ourian,
Dermatology[7]

**Question**: What websites or recipes can help with a liver detox?

*In brief: No "liver detox"* There is no medication for "liver detox" besides controlling the underlying condition and symptoms that caused the liver disease if you have it.  I would see a liver specialists to help you determine what the best course of action is since liver disease, especially cirrhosis can lead to many complications that can be managed with certain medications.

Dr. Robert Rahimi
Internal Medicine - Hepatology[8]

**Question**: Does liveraid liverrite work?  I heard it detoxes your liver so you can lose weight as well as be healthy

*In brief: Marketing* Our bodies constantly perform detoxification, tearing down & removing molecules & structures which internal, very complex, still poorly understood mechanisms regulate continuously. Yet there is OTC marketing & sales to the naive that detoxification is needed with magical products claimed to do this. Utter nonsense for money. Your choice, but I would spend your money elsewhere. Google "HFLC foods".

Dr. Milton Alvis Jr.
Preventive Medicine[9]

*In brief: NO* There is no such thing as a detox. The function of the liver is to filter the blood already. There is a common misconception that you need to "cleanse" the liver. This is not true. It is not the same as washing out a filter in your car or vacuum cleaner. There are NO over the counter supplements which do anything to help with healthy diet/weight loss/cleansing.

---

[7] https://www.healthtap.com/user_questions/683275 (last viewed 06.19.17)
[8] https://www.healthtap.com/user_questions/683276 (last viewed 06.19.17)
[9] https://www.healthtap.com/user_questions/6652927 (last viewed 06.19.17)

Dr. Zach Patrick
Emergency Medicine[10]

19.    This professional consensus does not require extensive medical training to understand, but only a basic comprehension of how the liver actually works.  *Science-Based Medicine* explains:

> Advocates for detox typically describe the liver and kidney as acting like filters, where toxins are physically captured and retained. It's argued that these organs need to be cleaned out periodically, like you'd rinse out a sponge, or change the air filter in your car. But the reality is the kidney and liver don't work this way. The liver performs a series of chemical reactions to convert toxic substances into ones that can be eliminated in bile, or the kidneys. The liver is self-cleansing – toxins don't accumulate in it, and unless you have documented liver disease, it generally functions without any problem. The kidney excretes waste products into the urine – otherwise the substance stays in the blood. To argue that either organ need a "cleanse" is to demonstrate a profound ignorance of human physiology, metabolism, and toxicology.[11]

20.    Defendant exploits this "profound ignorance" among consumers, leveraging the truth that the liver has a detoxifying function in the body into the myth that the liver itself requires detoxification and therefore, requires the Products. The liver is not a kind of filter that requires the Products in order to become unclogged, because toxins do not ordinarily accumulate in the liver. Anyone whose liver actually requires detoxification should be in the emergency room, not scouring pharmacy shelves for the Products. Anyone who wishes to maintain a healthy liver merely needs to exercise, eat right, and limit alcohol.

### Defendant's Misrepresentations Would Deceive A Reasonable Consumer

21.    A reasonable consumer would be deceived by Defendant's misrepresentation that the Products detoxify and cleanse one's liver.

---

[10] https://www.healthtap.com/user_questions/6652927 (last viewed 06.19.17)
[11] https://sciencebasedmedicine.org/the-detox-scam-how-to-spot-it-and-how-to-avoid-it/ (last viewed 06.19.17)

22.   The reasonable consumer (including Plaintiff and the Class) rely on companies such as Defendant to honestly advertise and market their products. Interviewing psychology professor Peter Ayton, *The Guardian* explains the appeal of detox claims to ordinary consumers:

> Peter Ayton, a professor of psychology at City University London, agrees. He says that we're susceptible to such gimmicks because we live in a world with so much information we're happy to defer responsibility to others who might understand things better. "To understand even shampoo you need to have PhD in biochemistry," he says, "but a lot of people don't have that. If it seems reasonable and plausible and invokes a familiar concept, like detoxing, then we're happy to go with it."
>
> Many of our consumer decisions, he adds, are made in ignorance and supposition, which is rarely challenged or informed. "People assume that the world is carefully regulated and that there are benign institutions guarding them from making any kind of errors. A lot of marketing drip-feeds that idea, surreptitiously. So if people see somebody with apparently the right credentials, they think they're listening to a respectable medic and trust their advice."[19]

23.   Reasonable consumers lack the scientific training to understand why the Products cannot deliver what it promises. Given that the function of the liver is in fact to detoxify blood, reasonable consumers are easily deceived into the inference that the liver itself requires detoxification (like the air filter in a car), even though this is scientifically baseless.

24.   *Science-Based Medicine* explains why our susceptibility to detox claims may be hard-wired:

> There's a reason we fall for the marketing of detoxification – we seem hardwired to believe we need it, perhaps related to our susceptibility to ideas of sympathetic magic. Purification rituals date back to the earliest reaches of recorded history. The idea that we're somehow poisoning ourselves and we need to atone for our sins seems to be a part of human nature, which may explain why it's still part of the world's religions.[20]

---

[19]   https://www.theguardian.com/lifeandstyle/2014/dec/05/detox-myth-health-diet-science-ignorance   (last   viewed 06.19.17)

[20] https://sciencebasedmedicine.org/the-detox-scam-how-to-spot-it-and-how-to-avoid-it/ (last viewed 06.19.17)

25.   The label of the Products states that they are a "dietary supplement." Four out of the six sides contain the standard disclaimer that "This statement has not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease." However, these representations pale in prominence by comparison with the deceptive representation inherent to the Products' very name, and the promises made on the front labels. The disclaimer does nothing to counteract the impression which its' name is intended to convey— namely, that one's liver needs to be detoxified and cleansed, and that the Products will do this.

26.   *See Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 (MKB), 2015 U.S. Dist. LEXIS 126880, at *49 (E.D.N.Y. Sep. 22, 2015) ("the mere inclusion of an accurate disclaimer does not necessarily cure other potentially misleading statements or representations set forth in a label or advertisement."); *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427 (NGG) (RML), 2014 U.S. Dist. LEXIS 135758, at *24 (E.D.N.Y. Sep. 23, 2014) ("[a] solicitation may be likely to mislead by virtue of the net impression it creates even though the solicitation also contains truthful disclosures.") (quoting *F.T.C. v. Cyberspace.com LLC*, 453 F.3d 1196, 1200 (9th Cir. 2006)). *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 464 (E.D.N.Y. 2013) (a disclaimer stating the product is not intended to treat any disease does not eliminate "the possibility of a reasonable consumer being misled.").

**Defendant's Misrepresentation Was Material To A Reasonable Consumer And Was Relied Upon By Plaintiff And The Class**

27.   Defendant's misrepresentation that the Products detoxify and cleanses the liver is material to a reasonable consumer because this is the only reason anyone would purchase the Products.  Since the Products do not purport to provide any other benefits, this promise is the only thing that could motivate a purchase.

28.   For this reason, Plaintiff and the Class reasonably rely upon Defendant's misrepresentations in purchasing the Products. They did not know, that Defendant's claims were false, and they would not have purchased the Products had they known the truth about them.

29.   Defendant intends that Plaintiff and the Class rely on its misrepresentation, since its misrepresentation is in the very name of the Products.

**Defendant Knows That Its Representations Are Deceptive And Misleading**

30.   Defendant knows that its representations are false and misleading.

31.   As the manufacturer of the Products, Defendant possesses specialized knowledge regarding the content and effects of the ingredients contained in the Products. Thus, it also knows that the Products offers no benefits to anyone.

**Plaintiff And The Class Were Injured By Defendant's Deceptive Conduct**

32.   Plaintiff and the Class were injured by Defendant when Defendant failed to deliver to them the benefit of their bargain.

33.   Plaintiff and the Class paid money for the Products because they promise to detoxify and rejuvenate their livers.  Defendant fails to deliver on this promise, causing Plaintiff and the Class to pay money for something that had no value whatsoever.

34.   Accordingly, Plaintiff and the Class were injured in the amount of the Products' entire purchase price.

## CLASS ACTION ALLEGATIONS

35.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks to represent the following class:

> All persons or entities in the United States who made retail purchases of the Products during the applicable limitations period, and/or such subclasses as the Court may deem appropriate ("the Nationwide Class").

In the alternative, Plaintiff JOCELYN seeks to represent

> All persons or entities who purchased the Products in New York for personal use and not resale within the applicable limitations period and/or such subclasses as the Court deems appropriate ("the New York Class")

36.   Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

37.   Excluded from this Class are Defendant's current and former officers, directors, and employees, and the judicial officer to whom this case is assigned.

38.   ***Numerosity***. While the exact number and identities of purchasers of the Products are unknown to Plaintiff at this time, Plaintiff is informed and believes that the Class contains thousands of purchasers and is so numerous that individual joinder of all Class members is impracticable.

39.   ***Existence and Predominance of Common Questions of Law and Fact***. Questions of law and fact arise from Defendant's conduct as described herein. Such questions are common to all Class members and predominate over any questions affecting only individual Class members and include:

    a.   Whether Defendant's liver cleanse and detoxification claims are false, misleading, and likely to deceive a reasonable consumer;

    b.   Whether Defendant's marketing and advertising of the Products is fraudulent and unlawful;

    c.   Whether Plaintiff and members of the Class sustained monetary loss and the proper measure of that loss;

d.   Whether equity calls for disgorgement of unjustly obtained or retained funds, restitution to, or other remedies for the benefit of the Class;

e.   Whether Plaintiff and other members of the Class are entitled to other appropriate remedies, including equitable and injunctive relief; and

f.   Whether Defendant's conduct rises to the level of reprehensibility under applicable law such that the imposition of punitive damages is necessary and appropriate to fulfill the societal interest in punishment and deterrence, and the amount of such damages.

40.   ***Typicality***. Plaintiff's claims are typical of those of the Class members because, *inter alia*, Plaintiff and the other Class members were all injured by same uniform conduct, as detailed herein.

41.   ***Adequacy of Representation***. Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained competent counsel experienced in prosecuting nationwide class actions.  Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class.

42.   ***Superiority***. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by any individual Class member is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant.  It would not be economically feasible for an individual class member to prosecute a separate action on an individual basis, and it is desirable for judicial efficiency to concentrate the litigation of the claims in this forum. Furthermore, the adjudication of this controversy through a class action will avoid the potentially

inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

43.     The prerequisites to maintaining a class action for equitable relief pursuant to Rule 23(b)(2) are also met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I

### INJUNCTION FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349 (DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)

**(brought on behalf of the Nationwide Class in conjunction with substantively similar consumer protection laws of other states and the District of Columbia to the extent New York law does not reach the claims of out-of-state Class members or, alternatively, on behalf of the New York Class)**

44.     Plaintiff JOCELYN realleges and incorporates herein by reference all allegations contained above as if fully set forth herein and further alleges as follows:

45.     Plaintiff JOCELYN brings this claim individually and on behalf of the other members of the Class for violations of NY GBL § 349.

46.     Defendant's business acts and practices and/or omissions alleged herein constitute deceptive acts or practices under NY GBL § 349, which were enacted to protect the consuming public from those who engage in unconscionable, deceptive or unfair acts or practices in the conduct of any business, trade or commerce.

47.     NY GBL § 349 provides that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful."

48.     Under GBL § 349, it is not necessary to prove justifiable reliance. ("To the extent that the Appellate Division order imposed a reliance requirement on General Business Law [§] 349 … claims, it was error. Justifiable reliance by the plaintiff is not an element of the statutory claim."

*Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. App. Div. 2012) (internal citations omitted)).

49.    Any person who has been injured by reason of any violation of the NY GBL § 349 may bring an action in their own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

50.    The practices of Defendant described in this Complaint, were specifically directed to consumers and violate the NY GBL § 349 for, *inter alia*, one or more of the following reasons:

    a.    Defendant engages in deceptive, unfair and unconscionable commercial practices by misrepresenting the qualities of the Products, which mislead Plaintiff and the Class about facts that could not reasonably be known by them;

    b.    Defendant caused Plaintiff and the Class to suffer a probability of confusion and a misunderstanding of legal rights, obligations and/or remedies by and through its conduct;

    c.    Defendant makes material misrepresentations and false statements of fact to Plaintiff and the Class that result in Plaintiff and the Class reasonably believing the represented or suggested state of affairs to be other than what they actually are.

51.    Under the circumstances, Defendant's conduct in employing these unfair and deceptive trade practices is malicious, willful, wanton and outrageous such as to shock the conscience of the community and warrant the imposition of punitive damages.

52.     Defendant's actions impact the public interest because Plaintiff and members of the Class were injured in exactly the same way as thousands of others purchasing the Products, as a result of Defendant's generalized course of deception.

53.     By committing the acts alleged in this Complaint, Defendant has misled Plaintiff and the Class into purchasing the Products on the basis of an erroneous belief that the Products detoxify and cleanse their livers. This is a deceptive business practice that violates NY GBL § 349.

54.     The foregoing deceptive acts, omissions and practices are directed at consumers.

55.     The foregoing deceptive acts, omissions and practices set forth in connection with Defendant's violations of NY GBL § 349 proximately caused Plaintiff and other members of the Classes to suffer actual damages in the form of, *inter alia*, monies spent to purchase the Products. They are entitled to recover such damages, together with equitable and declaratory relief, appropriate damages, including punitive damages, attorneys' fees and costs.

56.     Plaintiff JOCELYN, on behalf of herself and all others similarly situated, respectfully demands a judgment enjoining Defendant's conduct, awarding costs of this proceeding and attorneys' fees, as provided by NY GBL § 349, and such other relief as this Court deems just and proper.

## COUNT II

**DAMAGES FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349 (DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)**

**(brought on behalf of the Nationwide Class in conjunction with substantively similar consumer protection laws of other states and the District of Columbia to the extent New York law does not reach the claims of out-of-state Class members or, alternatively, on behalf of the New York Class)**

57.     Plaintiff JOCELYN realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

58.     Plaintiff JOCELYN brings this claim individually and on behalf of the other members of the Class for violations of NY GBL § 349.

59.     Defendant's business act and practices and/or omissions alleged herein constitute deceptive acts or practices under NY GBL § 349, which were enacted to protect the consuming public from those who engage in unconscionable, deceptive or unfair acts or practices in the conduct of any business, trade or commerce.

60.     Under the circumstances, Defendant's conduct in employing these unfair and deceptive trade practices are malicious, willful, wanton and outrageous such as to shock the conscience of the community and warrant the imposition of punitive damages.

61.     Defendant's actions impact the public interest because Plaintiff and members of the Class were injured in exactly the same way as thousands of others purchasing the Products as a result of Defendant's generalized course of deception.

62.     The foregoing deceptive acts and practices are directed at consumers.

63.     The foregoing deceptive acts and practices set forth in connection with Defendant's violations of NY GBL § 349 proximately caused Plaintiff and other members of the Class to suffer actual damages in the form of, *inter alia*, monies spent to purchase the Products. Plaintiff and other

22

members of the Class are entitled to recover compensatory damages, statutory damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems appropriate. Damages can be calculated through expert testimony at trial.

## COUNT III

### DAMAGES FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 350 (FALSE ADVERTISING LAW)

**(brought on behalf of the Nationwide Class in conjunction with substantively similar consumer protection laws of other states and the District of Columbia to the extent New York law does not reach the claims of out-of-state Class members or, alternatively, on behalf of the New York Class)**

64.     Plaintiff JOCELYN realleges and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows:

65.     Plaintiff JOCELYN brings this claim individually, as well as on behalf of members of the class, for violations of NY GBL § 350.

66.     Defendant has been and/or is engaged in the "conduct of … business, trade or commerce" within the meaning of N.Y. Gen. Bus. Law § 350.

67.     New York Gen. Bus. Law § 350 makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce." False advertising includes "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in light of … representations [made] with respect to the commodity …" N.Y. Gen. Bus. Law § 350-a(1).

68.     Defendant caused to be made or disseminated throughout New York, through advertising, marketing and other publications, statements that were untrue or misleading.

69. Defendant's affirmative misrepresentations as alleged herein are material and substantially uniform in content, presentation, and impact upon consumers at large. Consumers purchasing the Products were, and continue to be, exposed to Defendant's material misrepresentations.

70. Plaintiff and members of the Class have suffered an injury, including the loss of money or property, as a result of Defendant's false and misleading advertising.

71. Pursuant to N.Y. Gen. Bus. Law § 350-e, Plaintiff and members of the Class seek monetary damages (including actual damages and minimum, punitive, or treble and/or statutory damages pursuant to GBL § 350-a (1)), injunctive relief, restitution and disgorgement of all monies obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.


**COUNT IV**

**COMMON LAW FRAUD**

**(brought on behalf of the Nationwide Class in conjunction with substantively similar common law of other states and the District of Columbia to the extent New York common law does not reach the claims of out-of-state Class members or, alternatively, on behalf of the New York Class)**

72. Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

73. Defendant intentionally makes materially false and misleading representations regarding the Products, claiming that it can detoxify and regenerate the purchaser's liver.

74. Plaintiff and members of the Class reasonably rely on Defendant's false and misleading representation. They did not know that the Products could not detoxify and regenerate their livers. Defendants knew and intended that Plaintiff and the Class would rely on its misrepresentation.

75.   Plaintiff and members of the Class have been injured as a result of Defendant's fraudulent conduct.

76.   Defendants are liable to Plaintiff and members of the Class for damages sustained as a result of Defendant's fraud.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, seeks judgment against Defendant as follows:

a.   An Order that this action be maintained as a class action and appointing Plaintiff as representative of the Nationwide Class, or in the alternative, the New York Class;

b.   An Order appointing the undersigned attorney as class counsel in this action;

c.   Awarding restitution and disgorgement of all amounts obtained by Defendant as a result of its misconduct, together with interest thereon from the date of payment, to Plaintiff and the proposed Class members;

d.   Awarding declaratory relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them all money they are required to pay;

e.   Statutory pre-judgment and post-judgment interest on any amounts;

f.   Awarding attorneys' fees and costs; and

g.   Such other relief as the Court may deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and the Class, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: January 26, 2018

Respectfully submitted,

By: */s/ C.K. Lee*

C.K. Lee

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*